Kary Suceli Lopez BARILLAS,
Petitioner-Appellant,

v.

FIELD OFFICE DIRECTOR FOR the ICE MIAMI OFFICE OF ENFORCEMENT & REMOVAL OPERATIONS, Broward Transitional Center, Deputy Field Office Director, Acting Director of U.S. Immigration and Customs Enforcement, U.S. Department of Homeland Security, Respondents-Appellees.

No. 17-11881
Non-Argument Calendar

United States Court of Appeals,
Eleventh Circuit.

(August 30, 2017)

Andrea Montavon-McKillip, Legal Aid Service of Broward County Inc., Plantation, FL, for Petitioner-Appellant

Aileen Cannon, John C. Shipley, Assistant U.S. Attorney, Emily M. Smachetti, U.S. Attorney Service—Southern District of Florida, Jason Wu, Assistant U.S. Attorney, U.S. Attorney's Office, Miami, FL, for Respondent-Appellee Field Office Director for the Ice Miami Office of Enforcement & Removal Operations

Aileen Cannon, John C. Shipley, Assistant U.S. Attorney, Emily M. Smachetti, U.S. Attorney Service—Southern District of Florida, U.S. Attorney's Office, Miami, FL, for Respondents-Appellees Deputy Field Office Director, Acting Director of U.S. Immigration and Customs Enforcement, U.S. Department of Homeland Security

Before WILSON, JULIE CARNES, and JILL PRYOR, Circuit Judges.

PER CURIAM:

Law enforcement detained Kary Suceli Lopez Barillas while she was attempting to enter the United States. It then transferred her into the custody of Immigration and Customs Enforcement (ICE), which placed her in no-bond detention pending immigration proceedings. After 16 months in detention, Lopez Barillas filed a 28 U.S.C. § 2241 habeas petition alleging, among other things, that ICE and other agencies are denying her basic procedural protections to which she is entitled. She asserted that, despite her status as an "arriving alien," she has a right to a hearing to challenge the denial of her liberty. The district court denied Lopez Barillas's petition, finding that "arriving aliens" have minimal rights and are not entitled to a hearing when their liberty is denied. This appeal followed.

During this appeal ICE released Lopez Barillas on parole. In light of that development, we vacate and remand so that the

district court may determine in the first instance whether this case is moot.

## I

A case becomes moot "when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Chafin v. Chafin*, 568 U.S. 165, 172, 133 S.Ct. 1017, 1023, 185 L.Ed.2d 1 (2013) (internal quotation marks omitted). This happens "only when it is impossible for a court to grant any effectual relief whatever to the prevailing party." *Id.* (internal quotation marks omitted). "As long as the parties have a concrete interest, however small, in the outcome of the litigation, the case is not moot." *Id.* (internal quotation marks omitted).

The Government argues that Lopez Barillas's parole renders this case moot. However, Lopez Barilla may still have a concrete interest in the outcome of the case. She alleges that her rights are still being violated because her liberty is still being denied (ICE imposed parole conditions on her that infringe her liberty) yet she still has not been afforded a hearing to challenge the denial of her liberty. *See Jones v. Cunningham*, 371 U.S. 236, 243, 83 S.Ct. 373, 377, 9 L.Ed.2d 285 (1963) ("While [a prisoner's] parole releases him from immediate physical imprisonment, it [can] impose[ ] conditions which significantly confine and restrain his freedom; th[at] is enough to … invoke the help of the Great Writ."). If true, this case is not moot. If true, Lopez Barillas still has an interest in a determination that she, despite her status as an "arriving alien," is entitled to basic procedural protections when her liberty is denied. Were a court to make such a determination, the court could grant "effectual relief"—for instance, a hearing at which Lopez Barillas could challenge her parole conditions. *See Chafin*, 568 U.S. at

172, 133 S.Ct. at 1023 (internal quotation marks omitted).

## II

Remand is necessary so that the district court can consider Lopez Barillas's allegations about her parole and decide in the first instance whether the parole renders this case moot. Accordingly, we vacate and remand for further proceedings consistent with this opinion.

**VACATED AND REMANDED.**